UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. MARSHALL, <br><br> Plaintiff, <br><br> v. <br><br> R.N. PETERSON *et al.*, <br><br> Defendants. | Civil No. 04cv0403-L(WMc) <br><br> **ORDER: (1) REJECTING REPORT AND RECOMMENDATION; AND (2) DENYING WITHOUT PREJUDICE MOTION TO DISMISS** |

Plaintiff Roy T. Marshall, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging his Eighth Amendment rights were violated by prison officials at Richard J. Donovan Correctional Facility in San Diego, California ("Donovan"). The case was referred to United States Magistrate Judge William McCurine, Jr. for a report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3.

Defendants filed a motion to dismiss the complaint, arguing that Plaintiff failed to exhaust his administrative remedies in light of *Ngo v. Woodford*, 548 U.S. __; 126 S. Ct. 2378 (2006) ("Motion"). Plaintiff requested an extension of time to oppose; however, for reasons discussed more fully below, he did not file an opposition. Judge McCurine issued a Report and Recommendation, recommending the Motion be granted. Plaintiff filed objections to the Report

and Recommendation ("Objections"), to which Defendants responded, and Plaintiff filed a reply. For the reasons which follow, the Report and Recommendation is **REJECTED**, and Defendants' Motion is **DENIED WITHOUT PREJUDICE**.

In his complaint, Plaintiff alleges that while he was incarcerated at Donovan, he slipped on a wet dining room floor, and sustained a back injury. Based on Defendants' alleged deliberate indifference in treating his injury, he ended up in a wheelchair and classified "permanent mobility impaired."

Plaintiff filed administrative appeals on the CDC Form 602, as required by 15 Cal. Code Regs. § 3084.1. On December 12, 2002, he filed an appeal regarding medical care received on December 1, 2002, the date of the incident, and on December 13, 2002, he filed an appeal relating to the December 5, 2002 decision to transport him to another facility. (Opp'n[1] Exs. A, C.) The time to file a prisoner grievance is no later than 15 working days after the event. 15 Cal. Code Regs. § 3084.6(c).

On December 17, 2002, Plaintiff was transferred to Chuckawalla State Prison ("Chuckawalla"). Upon transfer, he was admitted into the infirmary, and could not contact Donovan. (Opp'n at 2.) He did not receive his property until January 7, 2003, after he filed an inmate appeal on the issue of lack of access to his property. Although Plaintiff sent several letters to Donovan inquiring about his appeal, he experienced serious problems with outgoing mail, as his letters were reaching the recipient as empty envelopes. (*See* Opp'n Ex. D.).

Later in January, Plaintiff received notice, dated January 9, 2003, that his inmate appeals from December 12 and 13, 2002 were being returned for the sole reason that they were unsigned. (Opp'n at 2 & Ex. B.) The attached appeal forms were not processed and did not receive a log entry number. (Opp'n Exs. A, C.) Plaintiff signed and returned the forms with a note stating that "this appeal was timely filed and that it should be processed as such due to the span of time it took staff to forward the appeal/mail." (Opp'n at 3.) In February, Plaintiff received his

/ / / / /

---

[1] "Opposition" refers to Plaintiff's pleading filed November 15, 2004 in opposition to Defendants' initial motion to dismiss.

appeals back from Donovan, noting that they were rejected on February 3, 2003 as untimely filed. (Opp'n Exs. A, C.)  Subsequently, Plaintiff filed the instant action.

The Motion at issue is Defendants' second motion to dismiss.  Their initial motion to dismiss was filed pursuant to Federal Rule of Civil Procedure 12(b) for failure to exhaust administrative remedies, and was denied on June 27, 2005 in part based on the Ninth Circuit decision in *Woodford v. Ngo*. 403 F.3d 620 (9th Cir. 2005).  On July 11, Defendants filed an answer.  On November 14, the Supreme Court granted certiorari to review the Ninth Circuit *Woodford* decision. 126 S. Ct. 647.  Defendants filed a motion to stay this action pending the Supreme Court decision, which the court granted.  Following the Supreme Court decision on March 21, 2006, Defendants sought leave to file a new motion to dismiss, which the Magistrate Judge granted on September 14, 2006.  Defendants then filed their second Rule 12(b) motion, which they based on the Supreme Court's decision in *Woodford*, 548 U.S. __; 126 S. Ct. 2378. They again argued the action should be dismissed because Plaintiff failed to properly exhaust his administrative remedies.

Although Plaintiff intended to oppose the motion, he contends he was precluded from doing it.  On November 9, 2006, he filed a motion for extension of time based on inadequate access to the law library, and his motion was granted.  On December 7, 2006, the Magistrate Judge received a letter from Plaintiff stating his legal materials had been confiscated pending a 90-day investigation, and he had been transferred to another institution, where he was placed in administrative segregation pending the same investigation.[2]  Plaintiff alleged the investigation was commenced in retaliation for filing the instant action so as to interfere with his access to legal materials and meeting court deadlines.

On January 3, 2007, the Magistrate Judge issued the Report and Recommendation, recommending Defendants' motion to dismiss be granted.  On the same day, the Magistrate Judge received Plaintiff's second motion for an extension of time essentially on the same

---

[2] As of January 11, 2007, Plaintiff was allegedly cleared of any wrongdoing which gave rise to the investigation. (Reply to Defs' Resp. to Pet'r Objection to R&R and Decl., filed 2/12/07 ("Reply") at 3.) However, as of February 8, he was still deprived of his legal materials, and remained in administrative segregation. (*Id.*)

grounds as stated in his prior letter. In addition, Plaintiff attached his Form 602 to show he appealed the withholding of his legal materials and access to the law library. Plaintiff alleged he received no response to his appeal. The Magistrate Judge denied Plaintiff's motion as moot, but indicated he may file objections to the Report and Recommendation no later than January 24.

Plaintiff filed his Objections based on his belief that the Report and Recommendation recommended granting Defendants' Motion because he failed to file an opposition. He stated that delays in sending and receiving legal mail made it impossible for him to comply with court deadlines. Although the order granting Plaintiff's initial motion for extension of time was filed on November 14, 2006, Plaintiff did not receive it until December 22. This was well after his new opposition due date of December 11 had passed. Plaintiff immediately filed a new motion for extension of time, however, that motion was not received by the court until January 3, 2007. Plaintiff did not receive the January 10 order denying his second motion for extension of time until January 23. That order informed him the due date for his objections to the Report and Recommendation was January 24. This gave Plaintiff only a day to prepare his Objections. However, as of that date, Plaintiff had not received the Report and Recommendation to which he was objecting. Plaintiff also indicated he had still not received a response to his appeal related to access to legal materials, and he still had no access to the law library.[3] He argued the Report and Recommendation should be rejected because he was not able to timely file an opposition.

Defendants responded to the Objections by arguing the Magistrate Judge recommended granting their Motion based on substantive grounds, and not on Plaintiff's failure to oppose. Plaintiff replied that had he not been prevented from filing an opposition, he would have been able to show that his case was distinguishable from *Woodford*. Plaintiff argues the distinction is that Mr. Ngo untimely filed his inmate appeal, while Plaintiff's appeals were timely submitted,

---

[3] In his Objections, Plaintiff also asserts a new claim against Sergeant Shaw and Lieutenant Hurl at Avenal State Prison for denial of access to the courts in retaliation for filing the instant action. This claim is not a part of the instant action because it was not alleged in the complaint. Since this claim involves new parties, arises out of events at a different institution years after the events pled in the complaint, and is based on alleged violations of different constitutional provisions, it is not addressed herein except to the extent pertinent to the pending Motion.

but "it was the institution that frustrated, and blocked his efforts." (Reply at 2.) Accordingly, Petitioner is seeking leave to file his opposition to Defendants' motion.

The district court has jurisdiction to review a Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.; see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Report and Recommendation is **REJECTED** and Defendants' Motion is **DENIED WITHOUT PREJUDICE** on procedural grounds. "This circuit allows a motion under Rule 12(b) any time before the responsive pleading is filed." *Aetna Life Ins. Co. v. Alla Med. Serv., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). When Defendants filed their Motion, they already had an answer on file. Accordingly, their time to file a Rule 12(b) motion had expired, and leave to file the Motion was improvidently granted.

Furthermore, Plaintiff did not have an opportunity to file an opposition. This is particularly troubling in light of the "fair notice doctrine," which requires the court to "assure that [a *pro se* prisoner plaintiff] has fair notice of his opportunity to develop a record." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003). This doctrine necessarily implies that the plaintiff will be given an opportunity to develop the record. Aside from the fact that no such notice was provided in this case, Plaintiff did not have a fair opportunity to develop the record and brief the issue.

Accordingly, Defendants' Motion is denied without prejudice to raising the exhaustion issue in an appropriate motion.[4] If Defendants choose to bring any such motion, Plaintiff can

---

[4] "Proper exhaustion" under 42 U.S.C. § 1997e(a) is an affirmative defense as to which Defendants bear the burden of proof. *See Jones v. Bock*, 127 S. Ct. 910, 921 (2007). Should Defendants again raise the exhaustion issue, they are expected to show why the instant case is not distinguishable from *Woodford*. In particular, they are expected to show that the inmate grievance procedure was "available" to Plaintiff under the circumstances of his transfer and hospitalization. In addition, Defendants are expected to address whether Plaintiff, like Mr.

present the arguments he intended to raise in opposition to the instant Motion. For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

    1. The Report and Recommendation is **REJECTED**.

    2. Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**.

    3. In light of the difficulty Plaintiff has experienced with timely sending and receiving legal mail, counsel for Defendants is **HEREBY ORDERED** to immediately provide notice, including a copy of this order, to the appropriate prison officials that failure to timely process Plaintiff's legal mail has interfered with court proceedings in this case, and any further failure to timely process his legal mail may subject them to **SANCTIONS**.

**IT IS SO ORDERED**.

DATED: March 14, 2007

                                                M. James Lorenz
                                                United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

Ngo in *Woodford*, "bypass[ed] deliberately the administrative process by flouting the agency's procedural rules." *See Woodford*, 126 S. Ct. 2389-90. The record currently before the court suggests that Plaintiff followed the applicable procedural rules by "submit[ting] the appeal within 15 working days of the event." *See* 15 Cal. Code Regs. § 3084.6(c). While the CDC Form 602, which is required to initiate the appeals process, *see id* § 3084.2(a), provides a space for inmate signature, nothing in section 3084.3(c) of the applicable regulations, which lists the circumstances under which inmate appeal may be rejected, provides that a timely filed form 602 may be returned to the prisoner simply because it was not signed. Furthermore, section 3084.6(b)(1) requires that departmental informal level responses "be completed within ten working days." From the record it appears the informal level response to Plaintiff's appeals, filed December 12 and 13, 2002, took much longer, since it was dated January 9, 2003. Both of the foregoing issues are particularly relevant since *Woodford* expressly did not decide how to address claims, such as the claim raised by Plaintiff in this case, that "prison administrators . . . devise[d] procedural requirements that are designed to trap unwary prisoners." *Woodford*, 126 S. Ct. at 2392-93.