1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROY T. MARSHALL,<br><br>                                    Plaintiff,<br><br>        vs.<br><br>SGT. RAIN; MS. PETERSON, RN; MR.<br>WILLIAMS, MTA; DONOVAN<br>CORRECTIONAL FACILITY MEDICAL<br>STAFF, et al.; LIEUTENANT COBB; John<br>and Jane Does 1-10,<br><br>                                    Defendants. | Case No. 04cv0403 L (WMc)<br><br>**ORDER DENYING IN PART AND<br>GRANTING IN PART<br>PETITIONER'S MOTION TO<br>QUASH AND/OR MOTION FOR<br>PROTECTIVE ORDER  [Doc. No.<br>111.]** |

**I.**

**INTRODUCTION**

On January 29, 2008, Plaintiff filed a motion to quash the subpoena duces tecum issued by Defendants upon the California Men's Colony.  (Plaintiff's Motion to Quash, Doc. 111 at 5:16-21.) Plaintiff objects to eight document categories requested in the subpoena on various grounds of confidentiality, privacy, uncertainty, ambiguity, relevance and overbreadth.  (Plaintiff's Motion to Quash, Doc. 111 at 2-3.)

Plaintiff's civil rights action against Defendants arises under 42 U.S.C. § 1983, a federal statute.  [Doc. No. 1, Compl. at 3-4.]  Because federal rights may be impacted by assertions of privilege, it is well established that the existence of those claimed privileges is governed by principles of federal common law.  *United States v. Zolin*, 491 U.S. 554 (1989); *see also Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) ("It obviously would make no sense to permit state law to determine what evidence is discoverable in cases brought pursuant to federal statutes whose central

purpose is to protect citizens from abuses of power by state or local authorities.  If state law controlled, state authorities could effectively insulate themselves from constitutional norms simply by developing privilege doctrines that made it virtually impossible for plaintiffs to develop the kind of information they need to prosecute their federal claims.")

Plaintiff, however, argues that the records Defendants seek are protected from disclosure by both federal <u>and</u> state privileges.  Plaintiff, however, is incorrect.  As explained above, "*only* federal common law governs the adjudication of federal rights."  *Leon v. County of San Diego*, 202 F.R.D. 631, 636 (S.D. Cal. 2001) (emphasis added) (citing *Taylor v. Los Angeles Police Dept.* 1999 WL 33101661, *3 n. 1 (C.D. Cal. Nov. 10, 1999) ("The so-called privileges raised by Defendants under various provisions of the California Evidence and Penal Codes are not federal evidentiary privileges and do not warrant discussion.")

Accordingly, the Court will only address the federal privilege asserted by Plaintiff, which is the constitutional right to privacy.[1]  (Plaintiff's Motion at 4:19.)  Plaintiff also makes a relevance objection to the requested documents, which will be addressed by the Court.  *Id*. at 3:25-28.  Finally, on the issue of scope, this Court will rule only as to the eighth category of documents sought by Defendants (Medical Records) and objected to by Plaintiff because Defendants have withdrawn without prejudice their document requests in the following seven categories: (1) case summary; (2) legal documents; (3) classification; (4) disciplinary; (5) general chronos; (6) miscellaneous and (7) confidential files.  (Defendants' Oppo., Doc. No. 114 at 2:15-18.)

## II.

## DISCOVERY STANDARD

Federal discovery rules 26 through 37 "have been interpreted liberally to allow maximum discovery."  *Spell v. McDaniel*, 591 F. Supp. 1090, 1114 (1984 E.D. N.C.) (citing *Hickman v. Taylor*, 329 U.S. 495 (1947).)  Accordingly, in federal cases, the burden of resisting discovery is on the party opposing discovery.  *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992) (citing *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975.).

---

[1]  The physician-patient privilege as articulated by California statute is not recognized under federal common law and does not apply in a federal civil rights case.  *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995).

## III.

## RELEVANCE

Under Federal Rules of Civil Procedure, parties may obtain discovery of material that is (1) "not privileged" and (2) "relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Moreover, "[t]he information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).)

Here, Plaintiff has alleged his Eighth Amendment rights were violated by Defendants. Specifically, Plaintiff states that as a result of a fall in the prison cafeteria and Defendants' subsequent treatment of the injuries resulting from the fall, he was restricted to a wheelchair with a classification of "Permanent Mobility Impaired." (Complaint at 4-5.) Plaintiff further alleges that "he has suffered cruel and unusual punishment and true neglect of medical care which has onset irrepairable [sic] damage." (Complaint at 6.) Accordingly, Defendants' request for Plaintiff's medical records from May 1, 2007 to the present is relevant to Plaintiff's deliberate indifference claim in which he alleges, "I had suffered nerve damage, and was forced to stay in the hospital for approximately 3 months. I am currently restricted to a wheelchair and classified "permanent mobility impaired.") (Complaint at 5.) The records requested by Defendants bear on Plaintiff's claim that he is "currently restricted to a wheelchair" and has suffered "irrepairable [sic] damage". (Complaint at 5-6.) Plaintiff's relevance objection to Defendants' request for medical records is therefore **OVERRULED**. In addition, Plaintiff's overbreadth objection to Defendants' medical records request is **OVERRULED**. Defendants are entitled to examine Plaintiff's current medical records due to Plaintiff's allegation that his injury is ongoing and irreparable.

## IV.

## CONSTITUTIONAL RIGHT TO PRIVACY

In general, federal courts recognize a constitutionally-based right of privacy that may be raised in response to discovery requests. *See Breed v. United States Dist. Ct. for Northern District*, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need

for ward files); *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1497 (10th Cir.1992), cert. den. 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted. *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir.1984), cert. den. 469 U.S. 1108, 105 S.Ct. 784, 83 L.Ed.2d 778 (1985) ( balancing need for disclosure against potential harm to the subject of the disclosure); *Rubin v. Regents of Univ. of Calif.*, 114 F.R.D. 1 (N.D.Cal.1986) (balancing university's interest in confidentiality against plaintiff's need to prove discrimination).

In this matter, the Defendants' need to evaluate the continuing medical condition of Plaintiff outweighs Plaintiff's right to maintain the privacy of his medical records. As explained above, the medical records are highly relevant to Plaintiff's claim that he now has a disabling injury as a result of Defendants' medical indifference and the infliction of cruel and unusual punishment by prison officials. Moreover, Defendants indicate in their opposition to Plaintiff's motion that they do not oppose a protective order governing the use and dissemination of Plaintiff's medical records to defense counsel and experts. (Defs. Oppo. at 6:21-23.) Accordingly, Plaintiff's motion to quash is **DENIED**. However, Plaintiff's motion, in the alternative, for a protective order governing the release of medical records from May 2007 to the present is **GRANTED**.

## V.

## DISCLOSURE SUBJECT TO PROTECTIVE ORDER

Courts have fulfilled the need for discovery while protecting privacy by ordering the production of documents subject to a protective order limiting the access to the material at issue to parties, counsel and those experts who require such information to formulate an opinion. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995.) Defendants have suggested a protective order should the Court order the production of documents. The Court finds that a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy of the parties involved.

1   Therefore, the Court orders the parties to enter into a protective order governing the documents that

2   the Court has ordered to be disclosed.  The Court orders Defendants to submit a proposed protective

3   order to Plaintiff for his signature **no later than June 6, 2008**.  After execution by all parties, said

4   protective order shall be lodged with the Court for its signature **no later than June 20, 2008**.

5                    **IT IS SO ORDERED.**

6   DATED: May 23, 2008

7

8   _____

9   Hon. William McCurine, Jr.
    U.S. Magistrate Judge
10  United States District Court

11  Copies to:

12  HONORABLE M. JAMES LORENZ, U.S. DISTRICT JUDGE
13  ALL PARTIES AND COUNSEL OF RECORD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28