UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. MARSHALL,<br><br>           Petitioner,<br><br>    vs.<br><br>SGT. RAIN, et al.,<br><br>           Respondent. | Civil No.    04cv403 L (WMc)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION [Doc. No. 123.]** |

## I.
## INTRODUCTION

Roy Marshall ("Plaintiff"), a California state prisoner at California Medical Facility, is proceeding *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 alleging his Eighth Amendment rights were violated by prison officials at Richard J. Donovan Correctional Facility ("Donovan") in San Diego, California.

## II.
## PROCEDURAL BACKGROUND

On May 1, 2008, Plaintiff filed a motion for: (1) preliminary injunction and (2) extension of time to file an opposition to the Report and Recommendation.[1]  [Doc. No. 123.] On May 6, 2008, Defendants filed an opposition to Plaintiff's preliminary injunction motion. [Doc. No. 124.]

---

[1] Plaintiff's Request for an extension of time to file an opposition to the Report and Recommendation will be addressed by United States District Judge M. James Lorenz.

### III. ARGUMENTS

**1.    Plaintiff's Motion for Preliminary Injunction**

Plaintiff asserts in his motion that the California Medical Facility and its librarian have failed to provide him with adequate library access. (Plaintiff's Mtn at 1:19-23.) Plaintiff contends that two hours of library access a week is insufficient to prepare legal briefs. (*Id.* at 1:27-2:2.) Plaintiff requests this Court order the California Medical Facility to grant him "10 days of continual law library access, from Monday through Friday, for two hour's [sic] each day or that plaintiff, be granted 20 hours of access to the law library within those 10 day's [sic]." (*Id.* at 2:11-15.)

**2. Defendants' Opposition to the Motion for Preliminary Injunction**

Defendants argue that as a non-party to the instant civil rights lawsuit, the Court lacks the authority to issue a preliminary injunction against the California Medical Facility and its librarian. (Defendant's Opp'n at 3:1-11.) Defendants do not, however, oppose an extension of time for Plaintiff to file his objection to the Report and Recommendation of the Magistrate Judge. (*Id.* at 3:12-14.)

### IV. DISCUSSION

As the Ninth Circuit has noted, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.* Under Federal Rule of Civil Procedure 65(d), an injunction binds only the 'parties to the action, their officers, agents, servants, employees, and attorneys' . . . ." *Zepeda v. United States Immigration and Naturalization Service*, 753 F.2d 719, 727 (9th Cir. 1984) (emphasis added); Fed. R. Civ P. 65(d)(2). Here, California Medical Facility is not a party to the instant suit, nor is it an officer, agent, servant, employee, or attorney of the Defendants. The Court has no authority to issue a preliminary injunction ordering non-parties, the California Medical Facility or its librarian, to provide Plaintiff with alternate or increased library access. Accordingly, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

///
///
///
///

## V.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 15, 2008

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

Copies to:

HONORABLE M. JAMES LORENZ, U.S. DISTRICT JUDGE
ALL PARTIES AND COUNSEL OF RECORD