# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. MARSHALL,<br><br>                Plaintiff,<br><br>   vs.<br><br><br>SGT. RAIN, et al.,<br><br>                Defendants. | CASE NO. 04-CV-0403-L (WMc)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>[Doc. Nos. 97, 115, 128, & 132] |

Plaintiff Roy Marshall, a California State prisoner proceeding without the assistance of counsel, filed this civil rights action alleging that Correctional Officers Ms. Peterson, Mr. Williams, and Lieutenant Cobb violated his Eighth Amendment right to medical treatment while in state custody.[1] Defendants moved for summary judgment on their affirmative defense that requires the prisoner to exhaust available administrative remedies before filing the lawsuit. The Magistrate Judge recommends that the Court grant the summary judgment motion because Plaintiff did not pursue his grievance beyond the first of four levels of administrative review. Plaintiff filed objections and Defendants responded. Having reviewed the complete record, the applicable legal authorities, and the submissions of the parties, the Court overrules the objections and adopts the recommendation to enter judgment in Defendants' favor.

---

[1] Plaintiff's complaint named other Defendants, but only three remain.

///

## Factual Background on Exhaustion of Administrative Remedies

On December 1, 2002, Plaintiff slipped on a wet floor at Donovan Correctional Facility and injured his back. Plaintiff asserts that prison officials deliberately ignored his serious medical needs over the next several days. The regulations required Plaintiff to "appeal" the adverse event within 15 working days. *See Ngo v. Woodford*, 539 F.3d 1108, 1109 (9th Cir. 2008).

On December 12, 2002, Plaintiff dated the first of two administrative grievances at the initial, "informal" level of the procedure by filling out Parts A and B of a 602 Form for a Staff response.[2] *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (describing steps in the California Department of Corrections's grievance system) (hereinafter "CDC").

On December 13, 2002, Plaintiff dated a second administrative grievance in which he challenged the prison doctor's conclusion that he could be transferred and he requested that remain at Donovan until the completion of his MRI evaluation.

Thereafter, on December 17, 2002, Plaintiff was transferred from Donovan to another prison. Plaintiff alleges that Defendant Cobb forced him to crawl onto the bus. Plaintiff contends that officers at the new prison responded to his back injury by diagnosing him with nerve damage, restricting him to a wheelchair, and hospitalizing him for three months.

---

[2]The parties refer to the grievances by the date that Plaintiff typed onto the 602 forms. There are factual disputes, however, as to the dates on which the 602 Form was handled. Plaintiff states that he submitted each form to the prison on the dates that he signed them and quickly returned subsequent paperwork. Pl.'s Decl. ¶ 2-7. [# 107] Because the prison uses the same, original 602 form throughout every step of the grievance procedure, the documents that are attached as exhibits are both signed by Plaintiff and bear the received date of February 3, 2003. The "Medical Appeal Notice Screening Form" that the Appeals Coordinator completed on January 9, 2003 establishes that Plaintiff submitted one or both of the 602 Forms before January 9th. Plaintiff also alleges, without supporting evidence, that the prison deliberately delayed processing his forms.

There is also some confusion as to which 602 form (or both) was returned for Plaintiff to sign on January 9, 2003. Initially, Plaintiff stated that "[t]he original inmate appeal dated 12-12-02 . . . was returned to him because he failed to sign the form"; however, he now states that this was not the 602 form that was missing his signature. *Compare* Pl.'s Opp. [# 15, p.4] *with* Pl.'s Exs. A and B to Objections [# 128, p. 42].

The Court can resolve the summary judgment motion without resolving these factual issues as to the first step of the grievance procedure because it is undisputed that Plaintiff failed to exhaust *any* other step in the process.

Plaintiff alleges that he wrote several letters to the Appeals Coordinator at Donovan to inquire about the status of his grievances. Pl.'s Obj. at 7.

On January 9, 2003, Donovan returned a 602 Form to Plaintiff because he had failed to sign it. Defs.' Ex. C. Plaintiff contends that he did not receive this document at his new institution until the third week of January but that he "quickly" returned it to Donovan.

On February 3, 2003, the Appeals Coordinator at Donovan date stamped both grievance forms as being "received" and "rejected as untimely" because Plaintiff had failed to file his appeal within 15 working days of the event. Defs.' Exs. A, (Part C), B (Part C), and C. The Appeals Coordinator stated in the comment section: "Mr. Marshal, why did you wait so long to submit these appeals? The alleged incident happened on 12-1-02, you transferred on 12-17-02 and we received your appeals on 2-3-03." Defs.' Ex. C.

Part D of the 602 Form advised Plaintiff that if he was dissatisfied with the Staff Response that he should explain his objection, attach any supporting documents, and submit the 602 Form to the Institution/Parole Region Appeals Coordinator within 15 days of the receipt of the response. Defs.' Exs. A & B. In addition, the Inmate Appeals Screening Form contained the following note: "This screening decision may not be appealed unless you allege the above reason is inaccurate. In such a case, please return this form to the Appeals Office with the necessary information. You have 15 days to comply." Defs.' Ex. C.

Plaintiff took no other step to pursue his grievance through prison channels. He did not challenge the inaccuracy of the Staff's decision that his grievance was untimely by either returning the Screening Form or by submitting the 602 Forms to the next level of "formal" review. *See Woodford*, 548 U.S. at 85-86 (whether the informal review has been bypassed or resolved adverse to the prisoner, the inmate may pursue a three-step review process by the Appeals Coordinator, the warden, and the Director of CDC). Plaintiff states that "he was uncertain as to how to proceed, but believed that there were no further administrative remedies available." Pl.'s Decl. ¶ 9 [# 107]. He filed this lawsuit a year later in February 2004.

/ / /

## Discussion

The Magistrate Judge recommends that the Court grant Defendants' summary judgment motion because complete and proper exhaustion of all the prison's internal grievance procedures is a necessary and mandatory requirement to filing a federal lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 85 (citing the Prison Litigation Reform Act of 1995). The Magistrate Judge reports that Defendants have submitted undisputed evidence to establish the elements of this affirmative defense because Plaintiff did not pursue any administrative remedy upon receiving the February 3, 2003 rejection of his appeal. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19, 921 (2007).

Plaintiff raises two primary objections to the recommendation. Plaintiff first raises questions of fact as to when Donovan actually received his 602 Forms. For example, Plaintiff states in his declaration that he promptly submitted the December 12th form through the institutional mail systems and he alleges the prison must have intentionally delayed processing that form because there is no explanation for its alleged receipt weeks later on February 3rd, particularly since he wrote letters from his new institution to ask about the status of his grievances. *See supra* note 2 (concerning which 602 Form was returned for signature on January 9th).

The Court overrules this objection. Plaintiff's arguments reduce to an assertion that the prison erred on February 3, 2003 when it rejected his grievance forms as untimely. As Defendants correctly note, however, regardless of whether Plaintiff complied with the requirements for obtaining the "informal" level of review, <u>it is undisputed that Plaintiff did not challenge the February 3rd decision</u>. He could have either returned the Screening Form or proceeded to the next level of "formal" review. *See Woodford*, 548 U.S. at 85-86. Plaintiff did neither. The purpose of the exhaustion requirement is to allow the prison an opportunity to correct its own mistakes. *Id.* at 89. Plaintiff should have presented his arguments concerning the timeliness of his 602 Forms (and the related allegations that the prison delayed his mail) to the prison before filing this lawsuit.

1  Plaintiff's conclusory allegation that it would have been "futile" to pursue these other
2  administrative procedures is not convincing.  In each step of the grievance procedure, the
3  underlying decision is reviewed with a fresh eye by a different decision-maker, but Plaintiff's
4  failure to pursue those steps deprived the prison of the opportunity to evaluate the particular
5  facts of his case and finally resolve whether Plaintiff complied with the time requirements.

6  Similarly, the Court rejects Plaintiff's assertion that Defendants are estopped from
7  raising the failure to exhaust because the prison somehow prevented him from using the
8  grievance procedure or that the rules "forbid" him from appealing the untimeliness decision.
9  The February 3, 2003 decision notified Plaintiff of two available avenues to demonstrate that
10 his grievance was timely submitted, but Plaintiff did not follow either procedure.  Nothing in
11 the rules concerning "excessive" or "repetitive" filings prevented Plaintiff from seeking further
12 review of his December 12 and 13, 2002 grievances through the appropriate channels.

13 Second, Plaintiff objects to the Magistrate Judge's separate recommendation that
14 Plaintiff failed to exhaust claims concerning Defendant Cobb because his conduct on
15 December 17th did not occur until <u>after</u> Plaintiff completed the two 602 Forms.  Plaintiff
16 argues that Cobb's conduct at the time of transfer was a continuation of the prison's
17 misconduct to ignore his back injury.  The Court overrules the objection and finds that
18 summary judgment is appropriate as to all three remaining Defendants.  As the Magistrate
19 Judge correctly stated, "Plaintiff did not appeal the rejection of his 602 Forms from December
20 12 and 13, 2002, so there is no documentation to suggest Plaintiff somehow supplemented his
21 original grievances to add allegations against Lt. Cobb."  R&R at 9.

## Conclusion

23 Having carefully considered the parties' briefs, the record, applicable law, and good
24 cause appearing, **IT IS HEREBY ORDERED**, that the Court overrules Plaintiff's objections
25 to the Report and Recommendation [# 115 & 126], and grants Defendants' Motion for
26 Summary Judgment on the ground that Plaintiff failed to exhaust the available administrative
27 remedies.  [# 97]

28 On a housekeeping matter, the Court denies as moot Plaintiff's motion for preliminary

1 | injunction in which he requests additional time to respond to the Magistrate Judge's Report and
2 | Recommendation.  [# 123]

    The Clerk shall enter judgment in Defendants' favor and close this civil action.

**IT IS SO ORDERED.**

DATED: September 29, 2008

                                             M. James Lorenz
                                             United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL